**Burrel RUBENSTEIN, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

No. 72-2022.

United States Court of Appeals,
Ninth Circuit.

Nov. 19, 1973.

---

Arthur Cofod (argued), of Angell, Adams & Holmes, Lyman G. Lea, San Francisco, Cal., for appellant.

Jerry K. Cimmet, James L. Hazard, Brian Denton, Asst. U. S. Attys., San Francisco, Cal., for appellee.

## OPINION

Before ALDRICH,* ELY and WALLACE, Circuit Judges.

PER CURIAM:

This appeal is from a judgment, in favor of the Government, in a suit brought by Rubenstein under the Federal Tort Claims Act. 28 U.S.C. §§ 1346, 1402, 2671–2680.

Rubenstein and his son, along with a friend of the latter, made a visit to the Yellowstone National Park. Upon arriving there, they found no room accommodations available and decided to camp for the night in a partially lighted area near the lodge wherein they had unsuccessfully sought accommodations. The youths slept in the open, and Rubenstein, at first alone, slept in a tent. During the night, Rubenstein was awakened by a disturbance and, fully aroused, determined that his tent had been invaded by a grizzly bear. In attempting to flee, Rubenstein was bitten by the bear on both of his legs, and his suit for damages for his personal injuries eventually followed.

Here, Rubenstein makes two contentions which, in effect, may be briefly summarized as follows: (1) That the unprovoked attack by the bear at the place in question was not reasonably foreseeable by him, was foreseeable by the Government, and that the Government failed to give him adequate warning, and (2) that the District Court applied an improper standard in reaching its dispositive conclusion.[1]

Rubenstein's second argument is based upon the fact that the District Court, in its opinion, generally remarked that if the Government should be held liable in suits such as that brought by Rubenstein, the cost to the Government of maintaining national parks would be greatly increased and, moreover, would promote a reluctance on the part of the Government to establish and maintain recreational areas. Rubenstein's argument has no merit. The challenged remarks made by the court do not establish that it applied improper legal standards relating to negligence. In fact, the court's opinion, considered as a whole, clearly reflects that the court was knowledgeable as to the issues involved and the law to be applied in resolving them. We interpret the remarks of

---

* Honorable Bailey Aldrich, Senior United States Circuit Judge, Boston, Massachusetts, sitting by designation.

1. The court concluded "that actionable negligence is not shown on the part of the defendant . . . ." This constituted, in effect, a finding that Rubenstein had failed to prove, by a preponderance of the evidence, that the Government was negligent.

which Rubenstein complains as merely the observations of the court as to what could happen should the court impose a higher standard than that existing under established law.

■ As to Rubenstein's first contention, there was evidence that, before entering the park, Rubenstein had been fully warned, in writing, of the dangers he might encounter from the presence of animals, including bears, in the park. Furthermore, Rubenstein himself testified that he had read certain government brochures and that he recalled their warning that the park was populated by wild, dangerous, unpredictable animals. The District Court's critical determinations are supported by substantial evidence, and its judgment is therefore affirmed.